**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **GLENN A. MCCLUNG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:09-1548** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 28, 2009, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a Motion under Section 2255 and (1) denied as filed beyond the one year period of limitations specified at 28 U.S.C. § 2255(f); and (2) in any event, Petitioner is not entitled to relief under Section 2241.

**FACT AND PROCEDURE**

On May 23, 2005, Petitioner pled guilty in the United States District Court for the Southern District of West Virginia to one count of extortion (Count Twenty-One), in violation of 18 U.S.C. § 1951; and one count of filing a false tax return (Count Twenty-Two), in violation of 26 U.S.C. § 7206.

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Criminal Action No. 2:05-0022, Document Nos. 48 - 50.) Petitioner was sentenced on August 29, 2005, to an 84-month term of imprisonment to be followed by a three-year term of supervised release. (Id., Document Nos. 58 - 59.) The District Court also imposed restitution in the amount of $105,500. (Id.) Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals.[2] (Id., Document No. 62.) On April 25, 2007, the Fourth Circuit affirmed Petitioner's conviction and sentence.[3] United States v. McClung, 483 F.3d 273 (4th Cir. 2007). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on June 23, 2008. McClung v. United States, ___ U.S. ___, 128 S.Ct. 2954, 171 L.Ed.2d 890 (2008).

Petitioner filed the instant Petition on December 28, 2009. (Civil Action No. 5:09-1548, Document No. 1.) As grounds for *habeas* relief, Petitioner alleges as follows:

1. Petitioner was sentenced outside of Guidelines without required notice of intent to depart.

2. Unequal treatment under law.

3. Government misconduct.

(Id., 1.) In support of Ground One, Petitioner argues that the District Court violated Rule 32(h) by failing to provide notice of the its intent to depart from the advisory Guideline range. (Id., pp. 3 - 6.) Petitioner states that "the District Court did not have the power to depart without notice, and the Court of Appeals did not have the power to overlook its error." (Id., p. 3.) Petitioner contends that the

---

[2] Petitioner presented the following arguments on appeal: (1) The District Court erred by failing to provide notice of its intent to vary upwardly from the guideline range; and (2) the sentence imposed was unreasonable.

[3] The Fourth Circuit held as follows: (1) The District Court erred in failing to give defendant advance notice that the court was considering an upward variance from the advisory guideline range; (2) The error did not affect defendant's substantial rights, as required to rise to the level of plain error; and (3) The upward variance to 84 months from the advisory Guidelines sentence of 51 to 63 months was reasonable. *McClung*, 483 F.3d at 276 - 77.

"government and court were bound to the bargain of '51 to 63 months and a possible downward departure.'" (Id., p. 6.) Petitioner further asserts that "the imposition of $105,500 in restitution, without any notice of any kind, was improper." (Id., p. 7.)

In support of Ground Two, Petitioner argues that Fourth Circuit's "blatant prejudice in favor of the government and against its victims cannot be more starkly contrasted and proven, than by its own actions in April of 2007." (Id., p. 8.) Petitioner explains that "[w]hile the [Fourth Circuit] decided that the lower court's violation of Rule 32 in the case of Mr. McClung was permissible and did not affect his substantial rights, the same court ruled the reverse just two weeks prior when the government's 'substantial rights' under Rule 32 were at issue [in United States v. Blatstein, 482 F.3d 725 (4th Cir. 2007)]." (Id., p. 8.) Petitioner contends that "[t]his gross disparity between the Fourth Circuit's treatment of government and citizen was in itself grounds for overturning the conviction of Mr. Glenn A. McClung, but the highly political nature of the persecution that preceded the prosecution, and the U.S. Attorney's agenda, which has since resulted in his own downfall, robbed the proceeding of the objectivity that a less public figure might have enjoyed." (Id., p. 9.)

In support of Ground Three, Petitioner states that the "government had promised that with downward departure, Mr. McClung would only be sentenced to 18 months if he did not go to trial, so the government knew that disclosure of its intent to depart upward and add Booth's gains as restitution would result in a withdrawal of any plea and resumption of the trial." (Id., p. 10.) Petitioner argues that the "government broke the rule, law and Constitution rather than chance [the withdrawal of the plea], and have escaped scrutiny of any Court since the U.S. v. Fancher, 513 F.3d 424 (4th Cir. 2008) clarification, which stopped the dual standard of error previously favoring government over defendant at every turn." (Id., pp. 10 - 11.) Petitioner argues that "by false promises combined with threats of further undue persecution were USA Warner and Mr. McClung's own attorney able to coerce him into

taking a plea agreement and avoiding the trial which had already begun." (Id., p. 14.) Accordingly, Petitioner requests that this Court "release him from the unconstitutionally imposed incarceration and improper restitution, and restore his rights, privilege, and retirement to him, and any other relief the court deems appropriate." (Id., p. 15.)

**DISCUSSION**

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 Motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333 - 334. Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction

and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective" as discussed above, issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by this Court. (Civil Action No. 5:09-01548, Document No. 1.) Specifically, Petitioner challenges his sentence claiming as follows: (1) The District Court improperly sentenced Petitioner outside the Guideline range without providing notice of the intent to depart; (2) Petitioner received unequal treatment under the law; and (3) The Government engaged in misconduct by improperly inducing Petitioner to pled guilty. (Id., pp. 3 - 14.) Thus, Petitioner requests that the Court vacate his sentence and release him from incarceration. (Id., p. 15.) Therefore, in view of the nature of the claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

Considering Petitioner's Application as a Section 2255 Motion, the undersigned finds it to be untimely. In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four

specified events:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255. The Fourth Circuit affirmed Petitioner's sentence on April 25, 2007, and his amended sentence became final on June 23, 2008, when the United States Supreme Court denied his petition for certiorari. Petitioner therefore had one year from June 23, 2008, to seek relief under Section 2255. On December 28, 2009, approximately six months after the one year period expired, Petitioner filed the instant Petition raising issues challenging his sentence in Criminal No. 2:05-0022. Petitioner's Petition is therefore clearly untimely.[4]

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation

[4] The undersigned further finds that Ground One of Petitioner's *habeas* claim is procedurally barred. In *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), *cert. denied*, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. *See Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). The undersigned notes Ground One of Petitioner's instant *habeas* claim was raised on appeal and rejected by the Fourth Circuit. The Fourth Circuit specifically held that even though the District Court erred by failing to provide notice of its intention to vary from the advisory guideline range, the error did not affect Petitioner's substantial rights. *McClung*, 487 F.3d at 276-77. Therefore, Petitioner's above claim is procedurally barred because he is seeking to revisit the same issue that was rejected on appeal without directing the Court to any intervening change in law which authorizes him to do so.

period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 200)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990).

To receive the benefit of equitable tolling, a Section 2255 petitioner must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter.

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. The undersigned notes that Petitioner does not allege an intervening change in law that establishes his actual innocence. Rather, Petitioner states that "only now, as the winds of change appear to be bringing justice and equal treatment under the law back to this district and circuit, that Mr. McClung seeks a review of his unconstitutional prosecution and conviction years ago."[5] (Civil Action 5:09-01548, Document No. 1, p. 14.) Furthermore, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Petitioner, therefore, has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that

---

[5] Petitioner argues that the Fourth Circuit's decision in *United States v. Fancher*, 513 F.3d 424 (4th Cir. 2008), clarified the issue and "stopped the dual standard of error previously favoring the government over defendant at every turn." (Civil Action No. 5:09-01548, Document No. 1, pp. 10 - 11.) In *United States v. Cameron*, 340 Fed.Appx. 872 (4th Cir. 2009), however, the Fourth Circuit abrogated its decision *Fancher*. The Fourth Circuit explained that "after *Fancher*, the United States Supreme Court considered the same issue, concluding that Rule 32(h) does not apply to variances. *Cameron*, 340 Fed.Appx. at 873(*citing*, *Irizarry v. United States*, ___ U.S. ___, 128 S.Ct. 2198, 2202, 171 L.Ed.2d 28 (2008)). Accordingly, the Fourth Circuit held that "the district court did not err by failing to give Cameron notice that it was considering an upward variance." *Cameron*, 340 Fed.Appx. at 873.

the District Court **DISMISS** Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 23, 2010.

R. Clarke VanDervort
United States Magistrate Judge