### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

GLENN ALLEN MCCLUNG,

      Petitioner,

v.              CIVIL ACTION NO. 5:09-cv-01548

UNITED STATES OF AMERICA,

      Respondent.

### ORDER

On this day, the above-captioned matter came before the Court upon consideration of a letter dated September 27, 2010, written and submitted by "Howell W. Woltz, TEP" with respect to the instant civil action. (*See* Document No. 9.)[1]  Having reviewed the letter, the Court finds that the author requests the Court "to give thought to its reconsideration" of the Findings and Recommendations made by the assigned Magistrate Judge (*see* Proposed Findings and Recommendation (Document No. 4)) and adopted by the Court, without objection, on October 1, 2010.  (*See* Memorandum Opinion and Order (Document No. 7). (*Id*. at 1.)  For the reasons that follow, the Clerk is directed to strike the September 27, 2010, letter from the record.

The Court observes that the instant letter is written, signed and submitted to the Court by Howell W. Woltz.  Mr. Woltz is neither a party to the instant action nor an attorney of record in this case.  Rather, Mr. Woltz is an inmate currently housed at FCI-Beckley, a Federal Correctional Institution in Beaver, West Virginia, where Petitioner was housed during a period of his

---

[1] The letter was docketed on October 4, 2010.

incarceration.[2] In this letter, Mr. Woltz seeks to challenge Petitioner's conviction, order of restitution and the Proposed Findings and Recommendation of the Magistrate. Of import, Mr. Woltz states that "I did not receive a copy of the magistrate's Proposed Findings and Recommendations filed August 23, 2010, and I am time-barred from assisting my friend, which grieves me greatly." (*Id*. at 1.). Mr. Woltz contends that the Magistrate's finding that Petitioner's habeas corpus petition should be construed as a motion pursuant to 28 U.S.C. § 2255 is "legally improper." (*Id*. at 2.) (Mr. Woltz states that "the issue was not the imposition of the sentence that he has already served . . . . His challenge was to the improper execution of a fine which represented funds never received, and which was never part of any agreement with the government.")

The Court finds that Mr. Woltz is attempting to litigate matters before this Court, although, it appears that he is not an attorney. By statute, appearances and representations in federal court are limited to parties proceeding *pro se* or by counsel. (*See* 28 U.S.C. § 1654.)[3] Moreover, Chapter 30 Article 2 Section 4 of the West Virginia Code provides, in relevant part, that "[i]t shall be unlawful for any natural person to practice or appear as an attorney-at-law for another in a court of record in this state . . . without first having been duly and regularly licenced and admitted to practice law in a court of record in this state[.]" (W. Va. Code § 30-2-4.) The Court finds that Mr. Woltz, a non-attorney, is precluded from prosecuting claims on behalf of this Petitioner in this Court. The Court finds that Petitioner has proceeded *pro se* in this matter since this action commenced December 28, 2009. Petitioner has not sought the appointment of counsel in this case. For these

---

[2] According to the Bureau of Prisons' website, Petitioner is currently housed at a Community Corrections facility in Maryland. His projected release date is November 22, 2010.

[3] Section 1654 of Title 28 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein."

reasons, the Court strikes the instant letter from the record and declines to consider the merits of the letter as it represents the unauthorized practice of law. Additionally, any future correspondence with respect to the instant litigation from a person who is not a party to this action or an attorney of record in this case will be stricken.[4]

For these reasons, the Court **ORDERS** that the Clerk of Court strike the September 27, 2010, Letter from the record. The Court also **ORDERS** the Clerk to strike from the record any subsequent filings from Mr. Woltz on behalf of this Petitioner, as such filings would represent the unauthorized practice of law.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 12, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[4] The Court makes no findings herein with respect to an inmate's ability to seek the assistance from a fellow inmate to research and prepare legal materials.